# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 19, 2010

Charles R. Fulbruge III
Clerk

No. 09-40375
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MAREL M BRANCH,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:07-CR-190-1

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Marel M. Branch was indicted on one count of conspiracy and one count of possession with intent to distribute five kilograms or more of cocaine. The charges arose out of a traffic stop by officers of the Orange County Sheriff's Department and the Pinehurst Police Department in Orange County, Texas. The officers stopped Branch's vehicle after observing him "change lanes with an improper signal." After obtaining Branch's consent, an officer searched the vehicle and found a "nonfactory compartment built into the dashboard," which

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contained 15 bundles of cocaine.  Branch filed a motion to suppress the cocaine and all evidence arising from the stop and the subsequent search of his vehicle. Branch argued, among other things, that he was unlawfully stopped because the officers did not have reasonable suspicion to believe that a traffic violation had occurred and that the search was without a warrant and probable cause and any waiver of his constitutional rights was invalid and involuntary.

The district court held a hearing on Branch's motion to suppress.  The district court found that the stop was justified at its inception because the law enforcement officer saw Branch change lanes without making the proper signal, a violation of the traffic laws.  The district court also found that during the duration of the permissible traffic stop, Branch gave his valid consent for the officers to search his vehicle.  After the court denied his motion to suppress, Branch entered a conditional guilty plea, reserving his right to appeal the denial of the motion to suppress.  The district court sentenced Branch to 120 months of imprisonment and 5 years of supervised release.  Branch now appeals the conviction, which is based on the denial of the motion to suppress.

This court reviews a district court's factual findings on a motion to suppress for clear error and its legal conclusions on Fourth Amendment issues de novo, including determinations regarding reasonable suspicion and probable cause. *United States v. Zavala*, 541 F.3d 562, 573-74 (5th Cir. 2008) (internal citation omitted).  "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." *United States v. Jacquinot*, 258 F.3d 423, 427 (5th Cir. 2001) (citation omitted).  The evidence presented is viewed in the light most favorable to the prevailing party, in this case, the Government. *United States v. Ibarra*, 493 F.3d 526, 530 (5th Cir. 2007).

"The stopping of a vehicle and detention of its occupants constitutes a 'seizure' under the Fourth Amendment." *United States v. Brigham*, 382 F.3d 500, 506 (5th Cir. 2004) (en banc).  The legality of a traffic stop, "whether justified by probable cause or a reasonable suspicion of a violation," is examined

2

under the two-pronged analysis described in *Terry v. Ohio*, 392 U.S. 1 (1968). *See Brigham*, 382 F.3d at 506. The legal justification for the stop, however, "must be objectively grounded." *United States v. Lopez-Valdez*, 178 F.3d 282, 288 (5th Cir. 1999) (internal quotation marks and citations omitted). If the supposed traffic violation that formed the basis for a stop was not a violation of state law, there is no objective basis for justifying the stop. *United States v. Miller*, 146 F.3d 274, 279 (5th Cir. 1998).

Branch argues that the traffic stop was not justified at its inception because it was based on an incorrect understanding of Texas law that a driver must signal a lane change more than 100 feet prior to making the change. Branch asserts correctly that the police officer testified at the suppression hearing that he did not signal his intention to change lanes for 100 feet before changing lanes. Although it is true that Texas law requires only that a driver signal his intention to change lanes not that he must do so for 100 feet prior to the change, the distinction is of no moment under the undisputed facts of this case. The police officer testified that "the passenger's side tires [of Branch's vehicle], front and rear tires, had completely crossed over the dotted divider line prior to the signal ever being initiated to signal the lane change." Branch does not argue that these circumstances do not show a traffic violation. In finding that the stop was justified by a traffic violation, the district court found that Branch had changed lanes "without providing a proper signal." The district court made no mention of the erroneous 100-foot requirement. Branch has not shown that the district court erred in finding that the facts of the incident supported a valid traffic stop.

Branch argues that the district court erred in finding that his consent to the search of his vehicle was voluntary. When a search is based on consent rather than a warrant, the Fourth Amendment requires the Government to prove by a preponderance of the evidence that the consent was given freely and voluntarily. *Schneckloth v. Bustamonte,* 412 U.S. 218, 221-22, 248-49 (1973);

*United States v. Tompkins*, 130 F.3d 117, 121 (5th Cir. 1997). Consent may not be "the result of coercion or duress, express or implied." *Schneckloth*, 412 U.S. at 248. The voluntariness of consent is a factual finding reviewed for clear error. *United States v. Solis*, 299 F.3d 420, 436 (5th Cir. 2002). In reviewing this matter, only Branch's custodial status weighs clearly against a finding of voluntary consent. Because there were sufficient facts that together support the voluntariness of Branch's consent, there was no clear error. The judgment is AFFIRMED.